

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N W.*
*Washington, D C 20530*

March 21, 2012

**FILED**

**APR 18 2012**

Clerk, U.S. District and
Bankruptcy Courts

Lawrence H. Woodward Jr., Esquire
Shuttleworth, Ruloff, Swain, Haddod & Morecock
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452

      Re:    James Edward Miller

Dear Mr. Woodward:

      This letter sets forth the full and complete plea offer to your client, James Edward Miller, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter, "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

      1.    **Charges and Statutory Penalties**

      Your client agrees to waive any objections to venue and plead guilty to a One Count Information charging conspiracy to commit money laundering, a felony violation of Title 18, United States Code, Section 1956(h).

      Your client understands that pursuant to Title 18, United States Code, Section 1956(h), the maximum sentence that can be imposed for conspiracy to commit money laundering is 20 years imprisonment, a fine of $500,000, or a fine of twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, or a fine of twice the pecuniary gain or loss pursuant to Title 18, United States Code, Section 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, an order of forfeiture, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

      In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, subject to your client's adherence to every provision of this Plea Agreement, this Office agrees not to prosecute your client's spouse, Tatiana Miller, criminally for the conduct set forth in the attached Statement of the Offense.

Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2.  **Factual Stipulations**

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.  **Sentencing Guidelines Stipulations and the Applicable Guidelines Offense Level**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2011) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Rule 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A.  **Offense Level under the Sentencing Guidelines for Conspiracy to Commit Money Laundering**

The parties agree that the following Sentencing Guidelines sections apply to the charge for conspiracy to commit money laundering:

| | | |
|---|---|---|
| § 2S1.1(a)(1) | Offense Level for Underlying Offense, not including Chapter 3 adjustments | 34 |
| [§ 2C1.1(a)(2) | Base Offense Level | 12 |
| § 2C1.1(b)(1) | More than One Bribe | 2 |
| § 2C1.1(b)(2) | More than $7,000,000 loss | 20] |
| § 2S1.1(b)(2) | Conviction under Title 18, United States Code, Section 1956 | 2 |
| Total | | <u>36</u> |

2

### B. Acceptance of Responsibility: 3-Level Reduction

This Office agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of this Office, through your client's allocution, *adherence to every provision of this Plea Agreement,* and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, this Office agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Total Preliminary Offense Level 33.**

### C. Outstanding Guidelines Issue: Potential Reduction Under § 3B1.2

This Office reserves the right to maintain at sentencing that a two-level or four-level reduction under § 3B1.2(a) or (b) does not apply. Your client reserves the right at sentencing to argue for a two-level or four-level reduction under § 3B1.2(a) or (b) if it is determined that your client was a minor or minimal participant in the criminal activity.

### D. Criminal History Category and Applicable Guidelines Range

The parties agree that, based upon information available to them to date, your client's Criminal History Category is I.

Your client understands that based on the Court's determination of the outstanding Guidelines issue under § 3B1.2, as previously referenced, his offense level total and Applicable Guidelines Range with acceptance of responsibility could be as low as level 29 (87-108 months, assuming Criminal History Category I) or as high as level 33 (135-168 months, assuming Criminal History Category I). Your client understands that based on the Court's determination of your client's offense level, the applicable fine range under the Applicable Guidelines Range will range from $15,000-$150,000 for level 29 up to $17,500-$1750,000 for level 33.

### 4. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Applicable Guidelines Range, if determined in accordance with the parties' stipulations in this Plea Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Applicable Guidelines Range and may suggest that the Court consider a sentence outside of the Applicable Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Plea Agreement limits the right of this Office to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to this Office at the time of the signing of this Plea Agreement, which constitutes obstruction of justice, or (ii) engaged in additional criminal conduct after signing this Plea Agreement.

### 5.  Cooperation with this Office

Your client agrees to cooperate with this Office on the following terms and conditions:

(a)  Your client shall cooperate fully, truthfully, completely, and forthrightly with this Office and other Federal, state, and local law enforcement authorities identified by this Office in any and all matters as to which this Office deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government administered polygraph examinations(s); and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely, and forthrightly as directed by this Office and other Federal, state, and local law enforcement authorities identified by this Office in any and all matters in which this Office deems your client's assistance relevant will constitute a breach of this Plea Agreement by your client, and will relieve this Office of its obligations under this Plea Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his obligations under this Plea Agreement.

(b)  Your client shall promptly turn over to this Office or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime as described further below.

(c)  Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d)  Your client shall testify fully, completely, and truthfully before any and all grand juries in the District of Columbia, and elsewhere, and at any and all trials or cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by this Office.

(e)  Your client understands and acknowledges that nothing in this Plea Agreement allows your client to commit any criminal violation of local, state, or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this

case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this Plea Agreement and will relieve this Office of all of its obligations under this Plea Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this Plea Agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his obligations under this Plea Agreement. Your client further understands that, to establish a breach of this Plea Agreement, this Office need only prove your client's commission of a criminal offense by a preponderance of the evidence.

Your client understands that if he falsely implicates a person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear to cooperate, or if he falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, your client will be in violation of the terms of this Plea Agreement. Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw his guilty plea.

Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this Plea Agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if this Office does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecutions(s) of another person(s) who has committed a federal, state, local, or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this Plea Agreement.

This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client

has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e). In the event this Office, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this Plea Agreement, then, this Office will be free from its obligations under the Plea Agreement, including but not limited to its obligations to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

### 6.    Cooperation with the IRS

Your client understands that this Plea Agreement does not resolve any civil tax liability that he may have. The Internal Revenue Service ("IRS") is not a party to this Plea Agreement and remains free to pursue any and all lawful civil remedies it may have. Your client further agrees to cooperate fully with the IRS in its civil examination and determination of income taxes related to taxes owed by him for 2007 through 2010 and further agrees not to conceal or dissipate funds or property that could be used to satisfy such taxes. To this end, if requested by the IRS, your client agrees to meet with the IRS no later than prior to the time of his sentencing, and agree to assessments for the years 2007 through 2010. Your client also agrees to undertake to pay all taxes, penalties, and interest found to be lawfully owed and due to the IRS for the years 2007 through 2010. Your client shall cooperate with and provide the IRS any documentation within his possession and control, other than documents subject to the attorney-client privilege, necessary for a correct computation of all taxes due and owing for the aforementioned calendar years. Nothing in this Plea Agreement shall otherwise limit the IRS in its determination of taxes, penalties, and interest or your client's rights to available process to contest such civil determination.

### 7.    Court Not Bound by the Plea Agreement

It is understood that pursuant to Rules 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 8. Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Sentencing Guidelines range. This Office cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Sentencing Guidelines range.

### 9. Restitution

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. As part of this Plea Agreement and pursuant to 18 U.S.C. §§ 3663(a)(3) and 3664(h), your client agrees to pay restitution to the United States as ordered by the Court. Your client understands that if your client fails to make such agreed-upon restitution that this Office may seek to void this Plea Agreement.

Payments of restitution shall be made to the Clerk of the Court. Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is incarcerated and sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs the participation or imposes a schedule of payments.

### 10. Forfeiture

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Information to which he is pleading guilty. Specifically, your client agrees to the forfeiture of a money judgment in favor of the United States for $4,055,063, which represents a sum of money involved in the offense alleged in Count One of the Information, conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), or any property traceable to such property. Your client also agrees to the forfeiture of the following assets, or any property traceable to these assets:

#### Property Forfeitable Under 18 U.S.C. § 982(a)(1)

$2,000,000 transferred, on or about March 27, 2009, from Monarch Bank Big Surf Construction Management, LLC, account # XXXXX-4344 to First Caribbean

International Bank (Bahamas) account # XXX-3684 held in the name of Alliance Investment Management, Ltd.

$218,000 transferred, on or about April 24, 2009, from Monarch Bank Big Surf Construction Management, LLC, account # XXXXX-4344 to Banco General, S.A. (Panama) account # XX-XX-XX-XXX925-1 held in the name of JP Ventures, Inc.

335 Bobcat Compact Excavator # A16U12012

T190 Compact Track Loader # 531618441

2007 Dodge Ram 3500, VIN 3D6WH46A37G801676

2008 Chevrolet Silverado, VIN 1GCHC23668F109657

2005 Hyundai Tuscon, VIN KM8JM12BX5UO98978

Ladies diamond hinged line bracelet set in platinum, Sku # 135-10989, purchased on or about January 23, 2010

Gentlemen's Corum Admiral's Cup Marees Wristwatch, Sku # 617-10750, purchased on or about January 28, 2009

Pair of diamond earrings set in 14-karat white gold three-prong martini style, Sku # 011-10089, purchased on or about January 27, 2009

Diamond engagement ring channel set in platinum Thibaude mounting, Sku # 112-10585 & Sku # 009-10023, purchased on or about January 27, 2009

Men's platinum A. Jaffe diamond band ring, Sku # 117-10463, purchased on or about February 5, 2011

Ladies platinum wideband diamond eternity jewelry, Sku # 190-10311, purchased on or about February 5, 2011

The real property located at 912 S. Oriole Drive, Virginia Beach, VA

Your client agrees that all of the above-listed assets constitute property involved in a violation of Title 18, United States Code, Section 1956(h), or any property traceable to such property.

Your client also agrees to forfeit the proceeds (excluding ordinary and necessary closing costs, such as brokers' fees and commissions, and the pay-off of any mortgage on the property as of

March 1, 2012) from the sale of the real property listed in section 20a of his financial disclosure form signed on March 9, 2012, and which is listed as J.P. Ventures (Suite 2, Floor 23), Global Bank Tower, 50th Street, Panama. Your client agrees to make good-faith efforts to sell this property and to remit such proceeds to the United States by the date of the sentencing hearing in this matter.

### Substitute Property

All funds contained in HSBC Bank account # XXXXX-0492 held in the name of James Miller

All funds contained in HSBC Bank (Panama) account # XXXXX-1186 held in the name of James Miller

The United States agrees that the net value of any of your client's assets forfeited to the United States (net of any costs incurred in seizure, storing, and disposing of such property) will be credited against satisfaction of the money judgment.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order Of Forfeiture for this property as part of his sentence.

(c) Your client agrees that this Plea Agreement permits the government to satisfy the referenced money judgment through forfeiture of any of your client's assets, real or personal, regardless of whether a specific asset is identified in this Plea Agreement. For any asset not specifically identified in this Plea Agreement, your client agrees to forfeiture of all interest in: (1) property involved in the violation alleged in Count One of the Information and any property traceable to such property; and (2) any substitute assets for property otherwise subject to forfeiture, towards satisfaction of the money judgment. *See* 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853.

(d) By this plea agreement, your client agrees that he has waived any and all interest he has in these assets or properties and consented to their forfeiture by whatever process the government chooses. Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client already has filed a claim to any of these assets or property in any forfeiture process, he hereby agrees to withdraw it. He also agrees that he will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

(e)     Your client agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this Plea Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Plea Agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time of his guilty plea.

(f)     Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2008, or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by this Office to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by this Office to pass clear title to forfeitable interests or property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(g)     Your client agrees to waive all constitutional and statutory challenges in any manner (including but not limited to direct appeal) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(h)     The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from your client through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case.

11.     **Release/Detention**

This Office will not oppose your client's release pending sentencing. Your client acknowledges that while this Office will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. This Office may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing or if this Office obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to the community. As a special condition of release, your client agrees to remain in the United States pending sentencing.

### 12. Breach of Plea Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) this Office will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) this Office will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11.

Your client acknowledges discussing with you Rule 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that this Office shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that this Office need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that this Office reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 13. Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that this Office has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of

limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 14. Waiver of Appeal and Venue

Your client is also aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2, or (c) the Court imposes a period of incarceration above a total offense level of 31. Further, your client reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, your client knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by this Office in this Plea Agreement. Your client also knowingly and willingly waives his right, if any, to challenge his conviction or appeal the sentence based on venue.

### 15. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Plea Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Plea Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

                          Sincerely yours,

                          Ronald C. Machen Jr.
                          UNITED STATES ATTORNEY

By:                      
                          Michael K. Atkinson
                          Bryan Seeley
                          Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Lawrence H. Woodward Jr., Esquire. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: APRIL 2, 2012

James Edward Miller
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: April 2, 2012

Lawrence H. Woodward Jr.
Attorney for the Defendant

April 18, 2012

14